**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

SARAH GRAHAM,

        Plaintiff,

v.                              Case No:  2:13-cv-72-FtM-99SPC

SHERIFF MIKE SCOTT, as the
Sheriff in and for Lee County, Florida,
and BRIAN GARDNER,

        Defendants.
_____/

## ORDER

This matter comes before the Court on Defendant, Sheriff Mike Scott's Motion to Dismiss and Memorandum of Law (Doc. #7), filed on February 22, 2013, and Plaintiff's Response (Doc. #11), filed on March 1, 2013.  After a careful review of the parties' briefings and the applicable law, the Court grants Defendant's Motion to Dismiss and provides Plaintiff with leave to amend her Complaint.

## BACKGROUND

Plaintiff's claims stem from Defendants' use of excessive force during a May 4, 2012 encounter.  Plaintiff maintains that as she was making a purchase at a local convenience store, Deputy Brian Gardner and Officer MacKinnon pulled alongside her, asked for her name and identification, and demanded to search her.  Once Plaintiff refused to consent to the search, Gardner repeatedly tasered her without provocation. Plaintiff was not arrested or searched and was not a suspect of a criminal investigation.

Plaintiff has filed claims of battery, negligent training and supervision, and false imprisonment against Sheriff Mike Scott on the basis of vicarious liability.  Plaintiff also

alleges violations of her First, Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983.  Defendant, Sheriff Mike Scott seeks a dismissal of Plaintiff's negligent training and supervision claim – Count II of the Complaint -- based on sovereign immunity.

## LEGAL STANDARD

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Ala., 30 F.3d 117, 120 (11th Cir. 1994) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). In reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and construes the facts in the light most favorable to the plaintiff.  Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004).

In Bell Atlantic Corp. v. Twombly, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007) (internal citations omitted).  Furthermore, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).  Thus, the Court engages in a two-step approach: "When there are wellpleaded factual

2

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

## DISCUSSION

Defendant argues that Plaintiff's negligent training and supervision claim is barred by the sovereign immunity doctrine. Under Florida law, "a governmental agency is immune from tort liability based upon actions that involve its 'discretionary' functions.'" Lewis v. City of St. Petersburg, 260 F.3d 1260, 1266 (11th Cir. 2001) (citing Dep't of Health & Rehabilitative Servs. v. Yamuni, 529 So. 2d 258, 260 (Fla. 1988)). As the Florida Supreme Court recently noted, "if a duty of care is owed, it must then be determined whether sovereign immunity bars an action for an alleged breach of that duty. In making this assessment, it is necessary to ascertain the character of the allegedly negligent governmental act or omission." Pollock v. Fla. Dep't of Highway Patrol, 882 So. 2d 928, 933 (Fla. 2004). Basic judgmental or discretionary governmental functions are barred by sovereign immunity, whereas operational acts are not subject to legal action. Id.

A discretionary function consists of a governmental act that involves "an exercise of executive or legislative power, such that, for the court to intervene by way of tort law, it inappropriately would entangle itself in fundamental questions of policy and planning." Henderson v. Bowden, 737 So. 2d 532, 538 (Fla. 1999) (citation and internal quotation marks omitted). "An 'operational' function, on the other hand, is one not necessary to or inherent in policy or planning that merely reflects a secondary decision as to how those policies or plans will be implemented." Id. For example, whereas a city's policy

decisions regarding what to include in the training of its police officers are discretionary functions barred under sovereign immunity, the implementation or operation of a police training program is subject to suit.  See Lewis, 260 F.3d at 1266.

Here, Plaintiff alleges, *inter alia*, that Defendant Scott failed to adequately train Deputy Gardner on the appropriate use of force, failed to properly instruct Officer MacKinnon to supervise Deputy Gardner's use of a taser, failed to retrain, suspend or terminate Defendant Gardner for prior improper conduct, and negligently placed Deputy Gardner on road service when he was not adequately trained on police investigation. Defendant maintains that these claims should be barred because they question the discretionary actions of Sheriff Scott in establishing training and supervision policy for the department and in making hiring decisions.  Plaintiff does not dispute Defendant's assertions and instead asks for leave to amend Count II of the Complaint.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend a pleading "shall be freely given when justice so requires."  FED. R. CIV. P. 15; Foman v. Davis, 371 U.S. 178, 182 (1962).  As the Foman Court explained:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'

Foman, 371 U.S. at 182.  The Court finds that Plaintiff's request to amend is not in bad faith, for purposes of delay, or for any suspect reasons stated above.  Defendant would not be prejudiced by the amended pleading, and is free to refute the allegations.

Accordingly, it is now

**ORDERED:**

(1) Defendant, Sheriff Mike Scott's Motion to Dismiss and Memorandum of Law (Doc. #7) is **GRANTED** and Count II of the Complaint is **DISMISSED** without prejudice.

(2) Plaintiff is granted leave to file an amended complaint within **FOURTEEN (14) DAYS** from the date of this Order.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of July, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record